UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHOMAS T WINSTON,

           Plaintiff,

    v.                                          Case No. 24-cv-0162-bhl

WISCONSIN STATE COURTS,

           Defendant.

## SCREENING ORDER

        On February 7, 2024, Shomas T. Winston, a state prisoner at the Wisconsin Secure Program Facility, filed a petition for a writ of mandamus pursuant to 28 U.S.C. §§ 1361 and 1651(a) asking the Court to grant him either a new trial or an evidentiary hearing on his state court convictions for first-degree intentional homicide and armed robbery. (ECF No. 1.) That same day, he also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 3.) Winston also filed a motion for judicial notice, a motion to appoint counsel, and a duplicate motion to proceed IFP. (ECF Nos. 5, 6, 8.) For the reasons below, the Court will dismiss Winston's petition with prejudice and deny his other motions as moot.

        On July 23, 2004, a jury found Winston guilty of first-degree intentional homicide and armed robbery. *State v. Winston*, No. 2003CF006686, Milwaukee Cnty. Cir. Ct., https://wcca.wicourts.gov/caseDetail.html?caseNo=2003CF006686&countyNo=40&index=0&mode=details. He was sentenced to life in prison. *Id.* (docket entry dated Sept. 7, 2004). In the years following his conviction Winston filed several petitions and appeals seeking relief in the Wisconsin courts, none of which were successful. *See Winston v. Hepp*, No. 18-cv-1938-pp, 2020 WL 1509519, at *1–2 (E.D. Wis. Mar. 30, 2020). Then, on December 7, 2018, Winston filed a petition in this Court for a writ of habeas corpus under 28 U.S.C. § 2254. *Id.* at *1. In his habeas petition, Winston raised three grounds for relief: (1) actual innocence based on newly discovered evidence; (2) that he was denied a fair and impartial jury because one juror, Jerry Gray, was Winston's former high school teach but remained silent when the *venire* was asked if anyone knew

Winston; and (3) that trial counsel provided ineffective assistance by not questioning Gray after Winston informed counsel that Gray was his former teacher. *Id.* at *2. Chief Judge Pamela Pepper dismissed Winston's petition, concluding that it was untimely under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Id.* at *4–7. Judge Pepper declined to issue a certificate of appealability. *Id.* at *8. She also denied Winston's motion for reconsideration. *Winston v. Hepp*, No. 18-cv-1938-pp, 2020 WL 4500600 (E.D. Wis. Aug. 5, 2020). The Seventh Circuit likewise denied Winston a certificate of appealability. *Winston v. Boughton*, No. 20-1605, 2020 WL 9258004 (7th Cir. Dec. 16, 2020). And the Supreme Court denied his petition for a writ of certiorari. *Winston v. Boughton*, 142 S. Ct. 129 (2021) (mem.).

Winston then filed the present petition, once again requesting relief from his state court convictions, in the form of either a new trial or an evidentiary hearing. His grounds for relief are essentially the same as grounds two and three in his prior habeas petition before this Court. He argues (1) that he is owed an evidentiary hearing because juror Gray failed to disclose that he knew Winston; (2) that Gray's failure to disclose denied Winston his right to a fair and impartial jury; and (3) that trial counsel was ineffective for not informing the trial court of Gray's nondisclosure and allowing him to remain on the jury. (ECF No. 1 at 2.)

Winston styled his petition as for a writ of mandamus, but his filing confirms he is actually seeking habeas relief. Accordingly, the Court will treat his filing as a successive petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Prisoners cannot avoid the AEDPA's rules by inventive captioning. . . . Call it a motion for . . . mandamus . . . the name makes no difference. It is substance that controls."); *see also Franklin v. McCaughtry*, No. 2-C-278, 2012 WL 112278 (E.D. Wis. Jan. 12, 2012) (treating petition for a "writ of mandamus" as a successive habeas petition under 28 U.S.C. § 2254).

Winston's petition must be dismissed. Under AEDPA, any claim presented in a second or successive habeas petition under 28 U.S.C. § 2254 that was presented in a prior petition must be dismissed. 28 U.S.C. § 2244(b)(1). Any claim not presented in a prior petition must also be dismissed unless the claim relies on a new rule of constitutional law or on previously unavailable facts sufficient to show constitutional error in the conviction. § 2244(b)(2). Winston has already had a full round of habeas review in the federal courts and the claims he brings in his new petition have already been denied by this Court as untimely. Even if the Court reads Winston's slightly retooled arguments regarding juror Gray as new claims, he is not relying on a new constitutional

rule or previously unavailable evidence. 28 U.S.C. § 2244 thus requires the Court to dismiss Winston's claims.

Accordingly,

**IT IS HEREBY ORDERED** that Winston's petition, ECF No. 1, is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 2244. The Clerk is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Winston's motions for leave to proceed IFP, ECF Nos. 3 & 8 are **DENIED as moot**.

**IT IS FURTHER ORDERED** that Winston's motion for judicial notice, ECF No. 5, and motion to appoint counsel, ECF No. 6, are **DENIED as moot**.

**IT IS FURTHER ORDERED** that, because the Court does not find that a reasonable jurist could conclude that the petition should have been resolved in a different manner, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability **SHALL NOT ISSUE**.

Dated at Milwaukee, Wisconsin on March 13, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge